[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10189
Non-Argument Calendar

_____

D. C. Docket No. 08-00204-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL STUART ADDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 16, 2009)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Daniel Stuart Addison appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Addison's conviction was based on the discovery of an SKS rifle in a shed outside the home of Linda Stokes, Addison's mother, on December 11, 2007. Addison contends that there was insufficient evidence for a reasonable jury to find him guilty because the government failed to establish that at the time of the search he was in actual or constructive possession of the SKS rifle or had control over the premises where it was found.

## I.

We review de novo the sufficiency of evidence, viewing it "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004) (alteration and quotation marks omitted). "We will not overturn a conviction on the grounds of insufficient evidence unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quotation marks omitted). "The jury is free to choose among alternative reasonable interpretations of the evidence, and the government's proof need not exclude every reasonable hypothesis of innocence." United States v. Tampas, 493 F.3d 1291, 1298 (11th Cir. 2007) (citation and quotation marks omitted). "When

the government charges that an offense occurred 'on or about' a certain date, the defendant is on notice that the charge is not limited to the specific date or dates set out in the indictment. Proof of a date reasonably near the specified date is sufficient." United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989) (citation omitted).

Under 18 U.S.C. § 922(g)(1), it is unlawful for a felon to possess a firearm. To convict a defendant under § 922(g)(1), the government must prove that (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm or ammunition; and (3) the firearm or ammunition was in or affecting interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). Addison takes issue only with the second element—knowing possession.

To satisfy the "knowing" requirement of § 922(g)(1), the government must prove that the defendant had actual or constructive possession of a firearm. See Wright, 392 F.3d at 1273. "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the [firearm]." United States v. Leonard, 138 F.3d 906, 909 (11thCir. 1998). "To establish constructive possession, the government must show that the defendant exercised ownership, dominion, or control over the firearm or the [premises] concealing the firearm." United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir.

3

2004). Constructive possession can also be established by showing that the defendant had "the power and intention to exercise dominion or control." Id. at 1235; United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996) ("Constructive possession exists when a person 'has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual possession.'"). The "firearm need not be on or near the defendant's person in order to amount to knowing possession." Wright, 392 F.3d at 1273; see, e.g., United States v. Winchester, 916 F.2d 602, 603-04 (11th Cir. 1990) (defendant was in knowing possession of firearm found behind couch while defendant was not at home).

A reasonable jury could have concluded that Addison was in knowing possession of a firearm in violation of § 922(g)(1). The government introduced evidence at trial tending to show that Addison had actual possession of the SKS rifle. George McIntyre, an acquaintance of Addison, testified that Addison showed him the rifle at Stokes' residence in December 2007. The search warrant of Stokes' residence was executed on December 11, 2007 at which time the rifle was seized. Viewing the evidence in the light most favorable to the government, McIntyre's testimony suggested that Addison had physical possession of the rifle only days before the search warrant was executed and the rifle was seized. The

government thus introduced evidence from which a reasonable jury could have found that Addison was in actual possession of the rifle "on or about" December 11, 2007 as charged in the indictment.  See United States v. Pope, 132 F.3d 684, 689 (1998) (concluding that September 17, 1994 and October 4, 1994 were "reasonably near to October 7, 1994 so as to be 'on or about' that date").

The government also introduced evidence at trial tending to establish that Addison had constructive possession of the SKS rifle.  The evidence showed that at the time the search warrant was executed Addison at least maintained a bedroom at Stokes' residence and had access to the shed where the rifle was recovered.  Based on that, a reasonable jury could have found that Addison "exercised ownership, dominion or control" over the SKS rifle or the shed where it was kept and thus it was within his constructive possession.  Gunn, 369 F.3d at 1234.  Accordingly, we affirm Addison's conviction.

**AFFIRMED.**